**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4609**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

VICTOR ULISES LARA-TORRES,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, Chief District
Judge.  (4:09-cr-00232-TLW-1)

_____

Submitted:  April 17, 2014          Decided:  April 21, 2014

_____

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael Chesser, Aiken, South Carolina, for Appellant.    Alfred
William Walker Bethea, Jr., Assistant United States Attorney,
Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Ulises Lara-Torres pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012) and 21 U.S.C. § 846 (2012). The district court sentenced Lara-Torres to 144 months' imprisonment, which was within his advisory Guidelines range.

Counsel for Lara-Torres has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court should have held an evidentiary hearing related to the Government's failure to move for a downward departure based on Lara-Torres' efforts at cooperation. Lara-Torres likewise raises this issue in his pro se supplemental brief. The Government has not filed a response brief. For the reasons that follow, we reject this argument and affirm the criminal judgment.

Because Lara-Torres did not raise this issue in the district court, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732–37 (1993). To establish plain error, Lara-Torres must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732. Even if Lara-Torres makes this

2

showing, we will exercise our discretion to notice the error only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alteration omitted).

Lara-Torres maintains that the language in his plea agreement was "unequivocal in obligating the Government to move for a downward departure where substantial assistance is rendered." (Appellant's Br. at 5). But the relevant contractual language clearly reserved the threshold determination — that is, whether the defendant's assistance so qualified as "substantial" — to the Government's discretion. Under these circumstances, the Government's decision not to make a substantial assistance motion may be "reviewed only for bad faith or unconstitutional motive." United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000); see Wade v. United States, 504 U.S. 181, 185–86 (1992) (holding that prosecutor's discretion is subject to constitutional limits).

Lara-Torres does not contend that the Government acted in bad faith or with an unconstitutional motive. Instead, he posits, the district court should have held an evidentiary hearing to more fully inquire as to the issue, given counsel's recitation of the assistance Lara-Torres provided.

We disagree. As the Supreme Court has explained, "a claim that a defendant merely provided substantial assistance

3

will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade, 504 U.S. at 186. The defendant must also do more than merely allege unconstitutional motive or bad faith to require the district court to conduct such a hearing. Id. Given that Lara-Torres does not even suggest that the Government acted in bad faith or with an unconstitutional motive, we readily conclude that the duty for further judicial inquiry was not triggered and thus that there was no error, let alone plain error, in the district court's failure to conduct an evidentiary hearing in this case.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Lara-Torres, in writing, of his right to petition the Supreme Court of the United States for further review. If Lara-Torres requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lara-Torres. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4